# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MAHIEU ELDER LAW, P.A.,

    *Plaintiff,*

vs.

    Case No. 18-CV-1185-EFM

RODNEY BRADSHAW,

    *Defendant.*

## MEMORANDUM AND ORDER

Defendant Rodney Bradshaw filed a notice of removal over a year after being served with Mahieu Elder Law, P.A.'s petition in the District Court of Hodgeman County, Kansas, and over six months after that court denied his motion to vacate and set aside default. This matter comes before the Court on Mahieu Elder Law's motion for remand and for an award of attorneys' fees and costs. Because this Court does not have subject-matter jurisdiction over the claims in this lawsuit, the Court grants Mahieu Elder Law's request to remand this case back to state court. Further, because Bradshaw lacked an objectively reasonable basis for removing this action, the Court orders Bradshaw to pay $1,800.00 to Mahieu Elder Law for its fees and costs expended in responding to the removal.

## I. Factual and Procedural Background

Mahieu Elder Law filed a two-page petition in the District Court of Hodgeman County, Kansas, on February 7, 2017. It alleged that Mahieu Elder Law is a professional association incorporated under the laws of the State of Kansas doing business in Ford County and other places in Kansas, and that Bradshaw is a resident of Hodgeman County, Kansas. The petition asserted one claim, breach of contract, and alleged that the parties entered into a contract for legal services, that Mahieu Elder Law provided said legal services, and that Bradshaw failed to pay for the services as required by the contract. Mahieu Elder Law sought $52,128.52 in damages, as well as pre- and post-judgment interest. The return on service of summons was filed on February 23, 2017, indicating that Bradshaw had been personally served with the summons on February 22, 2017. On September 28, 2017, the Hodgeman County District Court issued an order denying Bradshaw's motion to vacate and set aside default.[1]

On June 22, 2018, Bradshaw removed the state court action to this Court. Mahieu Elder Law filed the present motion on July 2, 2018, asking that the Court remand the case to state court and award Mahieu Elder Law its fees and costs incurred in responding to the notice of removal. Mahieu Elder Law attached an affidavit of Michelle Mahieu and a statement of legal fees indicating that Mahieu Elder Law incurred $1,800.00 in legal fees relating to Bradshaw's removal (7.2 hours at $250.00 per hour).

---

[1] Neither party attaches the state court docket or copies of other orders issued by the state court between February 22 and September 28, 2017.

## II. Discussion

**A.   The Court remands this case back to state court.**

Title 28, U.S.C. § 1441(a) authorizes a defendant in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to remove the case "to the district court of the United States for the district and division embracing the place where such action is pending." The procedure governing the removal of a civil action appears in 28 U.S.C. § 1446. Under 28 U.S.C. § 1446(a), a defendant desiring to remove a civil action to this Court must file a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure that includes a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant" in the state action. This notice must "be filed within 30 days after" the defendant receives a "copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[2] D. Kan. R. 81.1 instructs that "[a] defendant or defendants desiring to remove any civil action from a state court must file a notice of removal as required by 28 U.S.C. § 1446." It also requires that the removing party "file a certificate with the clerk of the court showing proof of service of all notices and filings with the clerk of the state court."[3]

This Court does not have subject-matter jurisdiction over the claims in the petition, and accordingly, must remand the case to state Court. The petition does not present a federal question,

---

[2] 28 U.S.C. § 1446(b)(1). If the initial pleading is not removable, the notice may be filed within 30 days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

[3] D. Kan. R. 81.1(c)(1), (3). "Promptly after the filing of [the notice of removal] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court." 28 U.S.C. § 1446(d).

but instead presents a breach of contract claim arising under Kansas law.[4] And diversity jurisdiction is not satisfied as the parties are not diverse and the amount in controversy does not exceed $75,000.[5] Accordingly, the Court grants Mahieu Elder Law's motion for remand and remands this case back to state court. Further, although the Court grants Mahieu Elder Law's motion based on lack of subject-matter jurisdiction, the Court also notes that Bradshaw appears to have violated nearly every procedural requirement for removing a case to this Court.[6]

**B.     The Court grants Mahieu Elder Law's request for fees and costs.**

When the Court remands a case back to state Court, it may require the party that improperly removed the action to pay the "just costs and any actual expenses, including attorney fees, incurred" by the non-removing party as a result of the removal.[7] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[8] "No showing of bad faith is necessary to justify" an award of attorneys' fees.[9] Courts have recognized that cases removed with no basis for federal subject-matter jurisdiction, as well as cases removed in an untimely manner, support

---

[4] *See, e.g.*, *Milby Law Office, P.A. v. Aaron's Inc.*, 2015 WL 4603309, at *2 (D. Kan. 2015) (noting that "Kansas law governs the question of breach of contract" in an action alleging breach of a legal services contract).

[5] *See* 28 U.S.C. 1332(a).

[6] For example, Bradshaw's notice of removal did not identify any valid grounds for removal, he did not include copies of all process, pleadings, and orders served upon him in the state action, and he did not file a certificate with the clerk of the court showing proof of service of all notice and filings with the clerk of the state court. *See* 28 U.S.C. § 1446; D. Kan. R. 81.1. Additionally, he did not comply with the 30-day filing deadline, but instead filed his notice of removal well over a year after he received the petition and over six months after the state court denied his motion to vacate default judgment. *See* 28 U.S.C. § 1446(b)(1).

[7] 28 U.S.C. § 1447(c).

[8] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[9] *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

attorneys' fees awards.[10]  That the removing party "is a pro se litigant does not prevent the court from imposing sanctions."[11]

Here, Bradshaw had no objectively reasonable basis to seek removal.  There is no basis for subject-matter jurisdiction and Bradshaw filed his notice of removal well over a year after the deadline to do so expired.  Mahieu Elder Law submitted an affidavit and invoice indicating that it incurred $1,800 in fees in responding to the notice of removal (7.2 hours at an hourly rate of $250). The Court finds that counsel spent 7.2 hours in responding to the improper removal and that $250 is a reasonable rate for the market and counsel's level of experience.  Accordingly, the Court will require Bradshaw to pay $1,800.00 to Mahieu Elder Law for its fees and costs expended in defending this improper removal.

### III.    Conclusion

The Court lacks subject-matter jurisdiction to hear this matter and even if it had subject-matter jurisdiction, Bradshaw failed to follow the proper procedure for seeking removal. Accordingly, this case is remanded to state court.  Further, because Bradshaw had no objectively reasonable basis for seeking removal, he is ordered to pay $1,800 to Mahieu Elder Law for its fees and costs.

**IT IS THEREFORE ORDERED** that Mahieu Elder Law's Motion for Remand to State Court and for an Award of Fees and Costs (Doc. 5) is **GRANTED**, this case is remanded to state

---

[10] *See Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995)) ("A defendant's untimeliness in filing his notice of removal is 'precisely the type of removal defect contemplated by § 1447(c).' "); *Holstein Supply, Inc. v. Murphy*, 2015 WL 475218, at *2 (D. Kan. 2015) (awarding attorneys' fees against a pro se defendant where the underlying lawsuit merely alleged a claim for breach of contract with an amount in controversy well below the amount required for diversity jurisdiction as no objectively reasonable basis existed for federal court jurisdiction).

[11] *Topeka Hous. Auth.*, 404 F.3d at 1248.

court, and Defendant Rodney Bradshaw is ordered to pay $1,800 to Mahieu Elder Law for its fees and costs.

**IT IS SO ORDERED**.

Dated this 14th day of August, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE